**APPENDIX OF FORMS**

MEMORANDUM of LAW

Ex- A ,B,C, ·ExHaustion of Grcavance procedure

M

# MEMORANDUM OF LAW                                    Ex A

where failure to exhaust administrative remedies is raised as an affirmative defense, the Court set forth

the following recommendations:

> The sequence to be followed in a case in which exhaustion is contested is therefore as
> follows: (1) The district judge conducts a hearing on exhaustion and permits whatever
> discovery relating to exhaustion he deems appropriate. (2) If the judge determines
> that the prisoner did not exhaust his administrative remedies, the judge will then
> determine whether (a) the plaintiff has failed to exhaust his administrative remedies,
> and so he must go back and exhaust; (b) or, although he has no unexhausted
> administrative remedies, the failure to exhaust was innocent (as where prison officials
> prevent a prisoner from exhausting his remedies), and so he must be given another
> chance to exhaust (provided that there exist remedies that he will be permitted by the
> prison authorities to exhaust, so that he's not just being given a runaround); or (c) the
> failure to exhaust was the prisoner's fault, in which event the case is over. (3)If and
> when the judge determines that the prisoner has properly exhausted his administrative
> remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the
> merits; and if there is a jury trial, the jury will make all necessary findings of fact
> without being bound by (or even informed of) any of the findings made by the district
> judge in determining that the prisoner had exhausted his administrative remedies.

*Id.* at 742.

## A.     Exhaustion Requirements Under Illinois Law

As an inmate confined within the Illinois Department of Corrections, Plaintiff was

required to follow the regulations contained in the Illinois Department of Correction's Grievance

Procedures for Offenders ("grievance procedures") to properly exhaust his claims. **20 Ill.**

**Administrative Code §504.800** *et seq.* The grievance procedures first require inmates to speak

with the counselor about their complaint. **20 Ill. Admin. Code §504.810(a).** Then, if the counselor

does not resolve the issue, the inmate must file a grievance form directed to the Grievance Officer

within 60 days of the incident. *Id.* The grievance form must:

> contain factual details regarding each aspect of the offender's complaint, including
> what happened, when, where, and the name of each person who is subject of or who is
> otherwise involved in the complaint. The provision does not preclude an offender
> from filing a grievance when the names of individuals are not known, but the offender
> must include as much descriptive information about the individual as possible.

MEMORANDUM OF LAW

Ex B

20 Ill. Admin. Code §504.810(a)(b). "The Grievance Officer shall [then] consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer...[who]shall advise the offender of the decision in writing within 2 months after receipt of the written grievance, where reasonably feasible under the circumstances." **20 Ill. Admin. Code §504.830(d).** If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the Administrative Review Board ("ARB"). The grievance procedures specifically state, "[i]f after receiving the response of the Chief Administrative Officer, the offender still feels that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after the date of the decision. Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached." **20 Ill. Admin. Code §504.850(a).** "The Administrative Review Board shall submit to the Director a written report of its findings and recommendations." **20 Ill. Admin. Code §504.850(e).** "The Director shall review the findings and recommendations of the Board and make a final determination of the grievance within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances. The offender shall be sent a copy of the Director's decision." **20 Ill. Admin. Code §504.850(f).**

The grievance procedures do allow for an inmate to file an emergency grievance. In order to file an emergency grievance, the inmate must forward the grievance directly to the Chief Administrative Officer ("CAO") who may "[determine] that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender" and thus the grievance should be handled on an emergency basis. **20 Ill. Admin. Code §504.840(a).** If an inmate forwards the grievance to the CAO as an emergency grievance, then the CAO "shall expedite processing of the grievance and respond to the offender" indicating to him which course he has decided is necessary

## MEMORANDUM OF LAW

after reading the grievance. **20 Ill. Admin. Code §504.840(b).** Once the CAO has informed the inmate of his decision, the inmate may then appeal that decision to the ARB on an expedited basis. **20 Ill. Admin. Code §504.850(g).**

**B.    Analysis**

### 1.    Defendant Rankin

Defendant Rankin argues that he is entitled to summary judgment on Plaintiff's deliberate indifference claim because Plaintiff did not wait until he received a response to his grievance to file his Complaint. Exhaustion is a precondition to filing suit; a prisoner may not file suit in anticipation that his administrative remedies will soon become exhausted. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). A prisoner must wait bring a suit until he completes the exhaustion process. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999) (citing 42 U.S.C. § 1997e(a)). However, if an inmate never receives a response to his grievance, then his attempts at exhaustion are deemed thwarted and the inmate may proceed with his lawsuit. *See Walker v. Sheahan*, 526 F.3d 973, 979 (7th Cir. 2000) (an inmate is not required to appeal his grievance if he submits the grievance to the proper authorities but never receives a response); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (a remedy can be unavailable to a prisoner if the prison does not respond to the grievance or uses misconduct to prevent a prisoner from exhausting his resources); *Brown v. Darnold*, 2010 WL 3702373, at *3 (S.D. Ill. 2010) ("The Seventh Circuit has held that administrative remedies become 'unavailable' when prison officials fail to respond to inmate grievances." (quoting *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002)).

Here, the parties dispute as to whether Plaintiff properly filed his Complaint when he had not yet received his response to the grievance he submitted directly to the ARB. It is undisputed

Bruce Rauner
Governor

John Baldwin
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

March 29, 2016

Jeffrey Miller, N90929
Big Muddy River Correctional Center
251 N. Illinois Highway 37
Ina, IL 62846

    **Re:    Freedom of Information Request #160328246**

Dear Mr. Miller:

    This letter is in response to your request to the Illinois Department of Corrections ("IDOC") for information pursuant to the Illinois Freedom of Information Act, 5 ILCS 140/1, et seq.

    You have requested a copy of your June 2014 grievance and the response. Your request is denied pursuant to Section 7(1)(a) of the Freedom of Information Act which exempts the release of "Information specifically prohibited from disclosure by Federal or State law or rules and regulations implementing Federal or State law." 730 ILCS 5/3-5-1(b) states the master record files of committed persons shall be confidential and access shall be limited to authorized persons. Grievance records are maintained in the master record file and are exempt from release. (730 ILCS 5/3-5-1(a)(12)).

    You have a right to have the denial of your request reviewed by the Public Access Counselor (PAC) at the Office of the Illinois Attorney General. 5 ILCS 140/9.5(a). You can file your request for review with the PAC to:

            Public Access Counselor
            Office of the Attorney General
            500 South 2nd Street
            Springfield, Illinois 62706

    You also have the right to seek judicial review of your denial by filing a lawsuit in the state circuit court, pursuant to 5 ILCS 140/11.

    If you choose to file a request for review with the PAC, you must do so within 60 calendar days of the date of this denial letter (5 ILCS 140/9.5(a)). Please note that you must include a copy of your original FOIA request and this denial letter when filing a request for review with the PAC.

                    Sincerely,
                    Lisa Weitekamp
                    Freedom of Information Officer

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

Ex D1

IN THE

BIG MUDDY C.C.
JEFFERSON COUNTY, ILL

JEFFREY MILLER
~~Plaintiff~~ PetitioNER

v.

M.R VANZANT - Records office
WARDEN - JASON GARNETT,
~~Defendants~~ Respondants

)
)
)  Case No. _____
)
)
)
)

## PROOF/CERTIFICATE OF SERVICE

TO: Mr. Vanzant - at
Records office
Big Muddy C.C. - 251 N.ILL-Hwy 37
INA, ILLINOIS, 62846

TO: Mr. Jason GARNETT
WARDEN - Chief AdmN. Officer
Big Muddy C.C.
INA, ILLINOIS, 62846

TO: LisA Weitekemp
Freedom of INformation office
1301 CONCORDia Court
Springfield, Ill 62794.

PLEASE TAKE NOTICE that on MARCH ~ 30th          , 2016, I have placed the

documents listed below in the institutional mail at Big Muddy   Correctional Center,

properly addressed to the parties listed above for mailing through the United States Postal

Service:

INside is a Freedom of INformation Act Request
For Documents of Greivance filed iN June of 2014.
And Requesting A Copy of The Greivance office Response. And A
QuestioN of why did it Take 6 MoNths To Send Both To Mr. Miller.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109,

I declare, under penalty of perjury, that I am a named

party in the above action, that I have read the above documents,

and that the infomation contains therein is true and correct

to the best of my knowledge.

DATE March - 30th 2016

/s/ Jeffry Mille
NAME: Jeffrey Miller.
IDOC#: N-90929
BIG MUDDY RIVER C.C
251 N. IL. HWY 37
INA         , IL 62846

Subscribed and sworn before me this

30 day of March, 2016

NOTARY PUBLIC

JENNIFER L. WILSON
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires
October 28, 2016

REVISED 2012

# Date Due_____ Date Extension requested_____ New Date Due_____

EX D2

## TO: WARDEN, MR. JASON GARNETT
## AND
## MR. VANZANT - Records DEPARTMENT
## FREEDOM OF INFORMATION REQUEST
MJH 01-10

The Freedom of Information Act is an act in relation to access to public records. The Act allows us **five (5) business days, excluding weekends and holidays, to comply with your request.** You will be notified by mail as to whether your request was approved or denied. If denied, the reason for denial will be included in your letter. If approved, your letter will indicate when and where your copy will be made available. The first fifty (50) pages are free for black and white copies. There is a .10 cents fee for each additional copied page of information. **The City may require payment of fees prior to making copies, depending on the amount of documents requested.** Otherwise, fees are payable upon receipt of documents.

To assist a search pertaining to your request and help us determine your right to access, please complete the information requested below.

**JEFFREY MILLER** #N-90929 - Big Muddy C.C. 251 N. Ill. - Hwy 37
Your Name (please print)                                                      Address

**INA, ILLINOIS**
City/State/Zip                                                      Telephone Number

## INFORMATION REQUESTED

~~POLICE INCIDENT REPORT NUMBER (if known):~~ Requesting A Copy of Greivance filed in June 2014 And A Copy of Greivance office Response.  ~~Incident Type:~~ Incident Date: MAY-13th 2014
(e.g.: burglary, assault, battery)

Incident Location: Big Muddy C.C.

Is this request for commercial purposes?  ☐ YES   ☒ NO
*Commercial purpose means the use of any part of a public record or records, or information derived from public records, in any form, for sale, resale, or solicitation or advertisement for sales or services.*

## PERSONS INVOLVED IN INCIDENT:  IF APPLICABLE, INCLUDE YOUR NAME

Name: ILDOC Orange CRush Tact TEAm       ~~D.O.B.~~:_____  ~~Sex: M  F~~

~~Address~~ Greivance Was Sent To Warden Roeckeman, Counselor Tasky

Name: And Then i Sent it To Greivance office ~~D.O.B.~~:_____ ~~Sex:~~ M  F

Address:_____

OTHER INFORMATION: I Have Two Request's #1 Can You Please Send Copy of Greivance And Greivance officer Response, i filed in June (2014). #2 Can You Please Explain Why i Took 6 Months To Send Me The Grievance And Greivance Response. After My Compliance With Dept Rule 504.810 Please Send Reply in lieu of 5 ILCS 140/8,11.

s/ Jeffry Miller
Your Signature

March/30th 2016
Date of Request

STATE OF ILLINOIS )

COUNTY OF JEFFERSON )

ExD 3

## AFFIDAVIT

I, Jeffrey miller _____ do hereby declare and affirm that the following information within this affidavit is true and correct in substance and in facts.

I Sent A freedom of information Act Request To Records office Mr. Vanzant And To Warden - Mr. JASON GARNETT Requesting Under The Illinois freedom of information Act, Under 5 ILCS 140/8, 11 Requesting A Greivance. That i filed in June of 2014, And Also Requesting The Greivance officer's Response. Along with The Question of Why? did it Take 6 MONths To Get A Response. from The Greivance officer?

This Question Goes To The weight of Why i Had To Send written Rockeman at The Time at Least 6 To 7 Requests Asking Why Haven't My Greivence office Response Been Sent To me in Lieu of Department Rule 504.810. This Greivance pertained A Greivance filed Against orange Crush Tact TEAM ON May-13th 2014

Pursuant to 28 USC 1746, 18 USC 1621 or _____ I declare, under penalty of perjury that Everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this 30Tl day of MARCH 2016

Signed before me this 3/30/16

By Jeffry Miller

Affiant

JENNIFER L. WILSON
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires
October 25, 2016

2016 IL App (2d) 140693-U
No. 2-14-0693
Summary Order filed March 23, 2016

**NOTICE:** This order was filed under Supreme Court Rule 23(c)(2) and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Lake County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 96-CF-3490 |
| | ) | |
| JEFFREY L. MILLER | ) | Honorable |
| | ) | George D. Strickland, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BURKE delivered the judgment of the court.
Justices Zenoff and Jorgensen concurred in the judgment.

**SUMMARY ORDER**

¶ 1    After a jury trial, defendant, Jeffrey L. Miller, was convicted of first-degree murder (720 ILCS 5/9-1(a) (West 1996)) and was sentenced to 56 years' imprisonment. We affirmed. *People v. Miller*, No. 2-97-0580 (1999) (unpublished order under Supreme Court Rule 23). Defendant filed two motions for leave to file a successive postconviction petition. See 725 ILCS 5/122-1(f) (West 2012). The trial court denied those motions. Defendant timely appealed, and the trial court appointed the Office of the State Appellate Defender.

2016 IL App (2d) 140693-U

¶ 2      Pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and *People v. Lee*, 251 Ill. App. 3d 63 (1993), the appellate defender moves to withdraw as counsel.  In his motion, counsel states that he read the record and found no issue of arguable merit.  Counsel further states that he advised defendant of his opinion.  Counsel supports his motion with a memorandum of law providing a statement of facts, a list of potential issues, and arguments why those issues lack arguable merit.  Defendant responded.

¶ 3      Counsel asserts that the trial court properly denied defendant's motions.  We agree.

¶ 4      Generally, to be granted leave to file a successive postconviction petition, a defendant must show "cause" and "prejudice" by identifying an "objective factor" that hindered his ability to raise a specific claim during his initial postconviction proceedings and by showing that the error tainted his trial so much that the resulting conviction or sentence violated due process.  See 725 ILCS 5/122-1(f) (West 2012).

¶ 5      Counsel asserts that, contrary to defendant's claims, the trial court did not commit any procedural error in denying defendant's motions.  Defendant first claimed that the court failed to rule on his petition within the 90 days of filing allowed by law.  725 ILCS 5/122-2.1(a)(2) (West 2012).  However, in order for a successive postconviction petition to be considered filed, the court first has to grant leave to file it.  *People v. LaPointe*, 227 Ill. 2d 39, 44 (2007).  In defendant's case, the court denied him leave to file his successive postconviction petition.  Thus, the 90-day clock never started running.  Consequently, this claim fails.

¶ 6      Secondly, defendant claimed that the trial court erred by allowing the State the opportunity to respond to defendant's motions.  Recently, the appellate court held that the State may participate at the leave-to-file stage of a successive postconviction petition.  *People v.*

-2-

2016 IL App (2d) 140693-U

*Crenshaw*, 2015 IL App (4th) 131035, ¶¶ 29-35. In any event, the State here declined to argue against defendant's motions. Therefore, any error was harmless.

¶ 7     Counsel next asserts that defendant failed to show cause and prejudice as to any of his claims. Defendant first argued that his trial counsel was ineffective for (1) failing to call Debra Williams as a witness and failing to investigate an incident in which Elizabeth Merlock, the victim, stabbed Williams; and (2) failing to advise him of the sentencing range for second-degree murder.

¶ 8     As to the first claim, defendant raised the same issue in his initial postconviction petition. The dismissal of that petition was due to defendant's failure to attach any evidence to support his claim or explain the absence of any supporting evidence. We affirmed. *People v. Miller*, No. 2-00-0891 (2001) (unpublished order under Supreme Court Rule 23). In his motions for leave, defendant explained why he was unable to bring this evidence to the court with his initial petition. Even if this explanation could constitute cause, defendant did not show prejudice. As counsel explains, there was already evidence of Merlock's violent character at trial, so, even if Williams had testified, the outcome would not have been different.

¶ 9     Defendant also alleged that he received ineffective assistance from his trial counsel for failing to advise him of the sentencing range for second-degree murder. Defendant argued that, if his trial counsel had properly advised him, he would not have rejected a jury instruction for that lesser included offense. As a similar issue was raised by defendant in his initial postconviction petition, he cannot demonstrate cause for raising this issue now and not sooner. Thus, this claim fails.

¶ 10     In defendant's final claim, he claimed that his trial counsel worked under a conflict of interest because his counsel was a prosecutor both before and after his trial. Defendant

- 3 -

2016 IL App (2d) 140693-U

suggested that his counsel had plans to return to work in the prosecutor's office, and this conflict of interest resulted in poor representation by his counsel. Defendant's allegations were too indistinct to establish that his counsel had an agreement to return to the prosecutor's office after his trial. In any event, this court has held that an agreement to work for a State's Attorney's office at some time in the future does not create a *per se* conflict of interest. *People v. Patterson*, 2013 IL App (2d) 120359, ¶¶ 15-17. Further, defendant failed to provide any adequate, specific explanation of how any such agreement actually prejudiced his case. *Id.* ¶¶ 14, 18-20. Finally, because defendant did not identify any objective factor that impeded his ability to raise this issue sooner, he failed to show cause. As a consequence, this claim fails.

¶ 11    After examining the record, the motion to withdraw, the memorandum of law, and the response, we agree with counsel that this appeal presents no issue of arguable merit. Thus, we grant the motion to withdraw, and we affirm the judgment of the circuit court of Lake County.

¶ 12    Affirmed.

## I. IMMEDIATE APPEALS

### What to File

**Petition for Rehearing**              **Page 1, Form Attached**

Where to File:              Hon. Robert J. Mangan, Clerk of the Appellate Court, Second
                            Judicial District, 55 Symphony Way, Elgin, IL 60120

Serve Copy To:              Mr. Lawrence Bauer, Deputy Director, State's Attorney's
                            Appellate Prosecutor, 628 Columbus, Suite 300, Ottawa, IL
                            61350

When to File:               on or before **04/13/2016**

**Petition for Leave to Appeal**         **Page 1, Form Attached**

Where to File:              Hon. Carolyn Taft Grosboll, Clerk of the Supreme Court,
                            Supreme Court Building, Springfield, IL 62701

Serve Copy To:              Lisa Madigan, Attorney General, 100 W. Randolph St., Chicago,
                            IL 60601

                            Mr. Lawrence Bauer, Deputy Director, State's Attorney's
                            Appellate Prosecutor, 628 Columbus, Suite 300, Ottawa, IL
                            61350

When To File:               on or before **04/27/2016**, or within 35 days of the denial of your
                            petition for rehearing.

## II. OTHER REMEDIES: FORMS AVAILABLE UPON REQUEST

### What to File

**Petition for Writ of Certiorari**        **Page 2, Form Available Upon Request**

Where to File:              Clerk of the United States Supreme Court, Supreme Court
                            Building, Washington, D.C. 20543

When to File:               within 90 days of the denial of your petition for leave to appeal

**Petition for Post-Conviction Relief**    **Page 2-4, Form Available Upon Request**

Where to File:              Mr. Keith Brin, Clerk of the Circuit Court, Lake County Clerk,
                            Lake County Courthouse, 18 North St., Waukegan, IL 60085

Serve Copy To:              Michael G. Nerheim, Lake County State's Attorney, 18 N.
                            County St., 4th Floor

**Petition for Habeas Corpus**            **Page 4, Form Available Upon Request**

Where to File:              Clerk of the US District Court, Northern District of Illinois,
                            Eastern Division, 219 S. Dearborn, 20th Floor, Chicago, IL
                            60604

**Petition for Executive Clemency**       **Page 5, Form Available Upon Request**

Where to File:              Prisoner Review Board, 319 E. Madison, Suite A
                            Springfield, IL 62701

**(INSERT APPELLATE COURT CAPTION)**

### PROOF OF SERVICE

TO:    Hon. Robert J. Mangan, Clerk of the Appellate Court, Second Judicial District, 55 Symphony Way, Elgin, IL 60120

          Mr. Lawrence Bauer, Deputy Director, State's Attorney's Appellate Prosecutor, 628 Columbus, Suite 300, Ottawa, IL 61350

      You are hereby notified that (date that you placed the petition in the prison mail system), I placed the attached petition for rehearing in the prison mail system at (name of your institution) to be mailed to the Clerk of the Appellate Court.

                           _____

                           Jeffrey L. Miller, N90929

                           Big Muddy River Correctional Center

SUBSCRIBED AND SWORN TO BEFORE ME
this\_\_\_\_day of\_\_\_\_\_, (year) \*\*Have notary public sign and notarize the proof of service\*\*
NOTARY PUBLIC

## B. PROOF OF SERVICE WITH CERTIFICATION EXAMPLE:

**(INSERT APPELLATE COURT CAPTION)**

### PROOF OF SERVICE

TO:    Hon. Robert J. Mangan, Clerk of the Appellate Court, Second Judicial District, 55 Symphony Way, Elgin, IL 60120

          Mr. Lawrence Bauer, Deputy Director, State's Attorney's Appellate Prosecutor, 628 Columbus, Suite 300, Ottawa, IL 61350

      You are hereby notified that (date that you placed the petition in the prison mail system), I placed the attached petition for rehearing in the prison mail system at (name of your institution) to be mailed to the Clerk of the Appellate Court.

      Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

DATED:    _____      _____

                           Jeffrey L. Miller, N90929

                           Big Muddy River Correctional Center

IN THE

## SUPREME COURT OF ILLINOIS

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Petition for Leave to Appeal from the Appellate Court of Illinois, Second Judicial District, No. 2-14- |
| Respondent-Appellee, | ) ) | 0693 |
| -vs- | ) ) ) | There heard on Appeal from the Circuit Court of Lake County, |
| JEFFREY L. MILLER, | ) ) | Illinois, No. 96-CF-3490. |
| Petitioner-Appellant. | ) ) ) | Honorable George Strickland, Judge Presiding. |

## PETITION FOR LEAVE TO APPEAL

TO THE HONORABLE JUSTICES OF THE SUPREME COURT OF THE STATE OF ILLINOIS:

May It Please The Court:

I.

## PRAYER FOR LEAVE TO APPEAL

II.

## OPINION AND PROCEEDINGS BELOW

III.

## POINT RELIED UPON FOR REVERSAL

(Brief Summary of your Arguments)

-1-

## STATEMENT OF FACTS

(Your facts--can use statement in Appellate Court brief or statement from the opinion of the Appellate Court).

V.

## ARGUMENT

(Your Argument)

VI.

## CONCLUSION

Wherefore, your Petitioner respectfully requests this Honorable court to grant his petition for leave to appeal.

Respectfully submitted,

Jeffrey L. Miller
Pro se

A. PROOF OF SERVICE WITH NOTARY EXAMPLE:

**(INSERT SUPREME COURT CAPTION)**

## PROOF OF SERVICE

TO: Hon. Carolyn Taft Grosboll, Clerk of the Supreme Court, Supreme Court
Building, Springfield, IL 62701
Lisa Madigan, Attorney General, 100 W. Randolph St., Chicago, IL 60601
Mr. Lawrence Bauer, Deputy Director, State's Attorney's Appellate Prosecutor,
628 Columbus, Suite 300, Ottawa, IL 61350

You are hereby notified that on (date that you placed the petition in the prison mail system), I placed the attached petition for leave to appeal in the prison mail system at (name of your institution) to be mailed to the Clerk of the Supreme Court.

_____
Jeffrey L. Miller, N90929
Big Muddy River Correctional Center

SUBSCRIBED AND SWORN TO BEFORE ME
this_____day of_____, (year) **Have notary public sign and notarize the proof of service**
NOTARY PUBLIC

## B. PROOF OF SERVICE WITH CERTIFICATION EXAMPLE:

**(INSERT SUPREME COURT CAPTION)**

## PROOF OF SERVICE

TO: Hon. Carolyn Taft Grosboll, Clerk of the Supreme Court, Supreme Court
Building, Springfield, IL 62701
Lisa Madigan, Attorney General, 100 W. Randolph St., Chicago, IL 60601
Mr. Lawrence Bauer, Deputy Director, State's Attorney's Appellate Prosecutor,
628 Columbus, Suite 300, Ottawa, IL 61350

You are hereby notified that on (date that you placed the petition in the prison mail system), I placed the attached petition for leave to appeal in the prison mail system at (name of your institution) to be mailed to the Clerk of the Supreme Court.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid he verily believes the same to be true.

DATED: _____     _____
Jeffrey L. Miller, N90929
Big Muddy River Correctional Center

Packet A.

## I. IMMEDIATE APPEALS

### 1. Petition for Rehearing: Illinois Supreme Court Rule 367

The way to ask the Appellate Court to look at your case again is to mail the court a petition asking for a rehearing. A petition for rehearing is a document telling the court why you think its decision was wrong. You must point out the errors it made in the opinion it wrote about your case and ask the court to hear your case again. You cannot raise new issues that were not presented in the briefs.

This petition must be filed within 21 days after the Appellate Court filed the decision in your case. If you mail your petition to the court before its due date, but it is not file-stamped by the court until after its due date, the proof of mailing accompanying the petition must be notarized, unless you are incarcerated, in which case your proof of mailing may instead contain a statement of certification.

**Note:** if you do not have your proof of mailing notarized or if you do not have a statement of certification, your petition may not be accepted by the court as sufficient to establish timely filing of the petition.

The Appellate Court will rule on your petition in anywhere from a few days to a few months. If it grants your petition, it will reconsider your case and will send you instructions on how to proceed. If the Appellate Court tells you it has denied your petition, it will not rehear your case. **(Form Attached)**

### 2. Petition for Leave to Appeal: Illinois Supreme Court Rule 315

The Illinois Supreme Court is the highest court in the State. The way to ask the Illinois Supreme Court to look at your case is to mail the court a petition for leave to appeal. The petition for leave to appeal is a document telling the court why it should look at your case and why it should reverse the Appellate Court's ruling.

If you filed a petition for rehearing, you will have 35 days from the date of the denial of rehearing to file your petition for leave to appeal. If you decide to appeal to the Illinois Supreme Court right away and not file a petition for rehearing, you must file the petition for leave to appeal in the Illinois Supreme Court within 35 days of the Appellate Court's decision.

If you mail your petition to the court before its due date, but it is not file-stamped by the court until after its due date, the proof of mailing accompanying the petition must be notarized, unless you are incarcerated, in which case your proof of mailing may instead contain a statement of certification.

**Note:** if you do not have your proof of mailing notarized or if you do not have a statement of certification, your petition may not be accepted by the court as sufficient to establish timely filing of the petition.

The Illinois Supreme Court will rule on your petition within a few months. If it grants your petition, it will set a date to hear your appeal and will send you instructions on how to proceed. If it denies your petition, it will not hear your appeal. **(Form Attached)**

## II. OTHER REMEDIES: FORMS AVAILABLE UPON REQUEST

### 3. Petition for Writ of Certiorari: 28 U.S.C. Section 1257(3)

The United States Supreme Court is the highest court in the country. You can only appeal to the Supreme Court after the Illinois Supreme Court has either refused to hear your case or refused to overturn your conviction. The United States Supreme Court will only hear your case if your argument is based on a violation of the United States Constitution, rather than state law or the state constitution. You have 90 days after the Illinois Supreme Court makes its decision to send a petition to the United States Supreme Court.

The document you send to the United States Supreme Court is called a Petition for a Writ of Certiorari. Once again, you should tell the Court why the Illinois courts' decisions in your case were incorrect and ask the Court to hear your appeal.

The United States Supreme Court will rule on your petition after several weeks or months. If it grants your petition, it will send you instructions on how to proceed. If it denies your petition, it will not hear your appeal. There is no higher court to which you can appeal.

The Petition for Rehearing and the Petition for Leave to Appeal are appeals that are available to anyone in any criminal case. Each method is subject to strict time deadlines for filing, mentioned above. If you have filed these appeals and have still not won any relief, you might be able to pursue another remedy to overturn your conviction. **(Form Available Upon Request)**

### 4. Petition for Post-Conviction Relief, 725 ILCS 5/122-1 through 5/122-8

You may file a petition for post-conviction relief if you were denied your state or federal constitutional rights during the proceedings which resulted in your conviction and it was not possible to raise the issue on direct appeal. You may not file a post-conviction petition to attack a conviction where you have completely served your sentence on that conviction, including any term of mandatory supervised release. Grounds for relief include, but are not limited to, ineffective assistance of trial or appellate counsel, the knowing use of perjured testimony by the State, failure by the State to comply with its plea bargain, and actual innocence. A claim of actual innocence is a free standing claim of innocence based on newly discovered evidence. The newly discovered evidence must be evidence that was not available at your original trial, evidence that could not have been discovered sooner through due diligence, evidence that is material and non-cumulative, and evidence that is of such a conclusive nature that it would probably change the result on retrial. A claim of actual innocence is not simply a claim that you were not proven guilty beyond a reasonable doubt.

#### What Should a Post-Conviction Petition Include
In writing your petition, try to be as specific as possible about the facts that support your claims. It is not necessary to include legal citations or legal arguments in your petition. The law requires that you attach to your petition affidavits, records, or other evidence supporting your allegations; your petition may be dismissed as frivolous and patently without merit if these documents are not attached. If you are unable to obtain supporting affidavits or documentation, the law requires that you include an explanation in your petition for why you

2

were unable to obtain them. Any affidavits submitted in support of your petition must be notarized or they may not be accepted by the court as affidavits. This could result in your petition being dismissed and that dismissal affirmed on appeal merely due to the absence of the notarization. If you are incarcerated and need the assistance of this office to arrange with prison authorities to have your affidavits notarized, please contact us.

## When Must the Post-Conviction Petition be Filed

Your post-conviction petition is due 6 months from the conclusion of your direct appeal in the United States Supreme Court. If a petition for certiorari to the United States Supreme Court was not filed in your direct appeal, your petition is due 6 months from the date that a petition for certiorari would have been due. A petition for certiorari is due 90 days from the Illinois Supreme Court's ruling in your case or denial of your petition for leave to appeal. If you did not have a direct appeal, your petition is due 3 years from the date of your conviction. (The Illinois Supreme Court has interpreted the date of conviction to be the date of sentencing.) If you mail your post-conviction petition to the court before its due date, but it is not file-stamped by the court until after its due date, the proof of mailing accompanying the petition must be notarized, unless you are incarcerated, in which case your proof of mailing may instead contain a statement of certification.

**Note:** if you do not have your proof of mailing notarized or if you do not have a statement of certification, your petition may not be accepted by the court as sufficient to establish timely filing of the petition.

These deadlines for filing do not apply to claims of actual innocence. If you are filing your petition beyond the designated deadline and you are not raising a claim of actual innocence, you must include facts in your petition that show that the delay was not due to your culpable negligence.

(The statute does not state what the filing deadline is in a situation where no petition for certiorari and no petition for leave to appeal were filed. It is our recommendation that if you do not file a petition for leave to appeal to the Illinois Supreme Court, you file your post-conviction petition within 6 months of the completion of your direct appeal in the appellate court.)

| IF YOU... | FILE YOUR PETITION... |
|---|---|
| Did not file a Petition for Leave to Appeal (PLA) | 6 months from the date of the Appellate court decision* |
| Filed a PLA, but did not file a Petition for Writ of Certiorari ("Cert Petition") in the United States Supreme Court | 6 months from the date the Cert Petition would have been due (a Cert Petition is due 90 days after the denial of a PLA or 90 days after the decision by the Illinois Supreme Court if PLA was allowed; thus, you should count 90 days from the denial of the PLA or 90 days from the decision by the Illinois Supreme Court, and then file your petition within 6 months of that date) |

| Filed a PLA and also filed a Cert Petition | 6 months from the denial of the Cert Petition, or if the Cert Petition was allowed, 6 months from the date of the decision by the United States Supreme Court |

*725 ILCS 5/122-1 does not clearly identify the deadline for a filing of a post-conviction petition when a PLA has not been filed. It is our recommendation that you file your post-conviction petition within 6 months of the date of the Appellate Court decision in your case if you did not file a PLA.

Second or Subsequent Post-Conviction Petitions

Only one petition may be filed by a petitioner under the Post-Conviction Hearing Act without leave of the court. Leave of the court may be granted only if a petitioner demonstrates cause for his or her failure to raise the claim in his or her initial post-conviction proceedings and prejudice resulting from that failure. A petitioner shows "cause" by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings. A showing that the factual or legal basis for your claim was not reasonably available to you or your counsel at the time you filed your initial post-conviction petition will constitute "cause" under this standard. A petitioner shows "prejudice" by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process. The Illinois Supreme Court has held that a showing of cause and prejudice is unnecessary for those claiming actual innocence, but you must still allege facts that meet the "actual innocence" definition discussed above. The request for leave to file a second or subsequent petition should be made in a separate motion that is submitted along with the petition.

Consequences of Filing a Frivolous Petition

A finding by the circuit court that your petition is frivolous may have consequences in addition to the dismissal of your petition. The circuit court is required to assess court costs, and funds can be deducted from your prisoner's trust fund to pay those costs. 735 ILCS 5/22-105. The department of corrections is also required to conduct a hearing that can result in revocation of up to 180 days of good conduct credit that you have earned. 730 ILCS 5/3-6-3(d). However, good time credit can be revoked for a finding of frivolousness only on a second or subsequent petition. **(Form Available Upon Request)**

5. **Petition for Habeas Corpus: 28 U.S.C. §§2241, 2244, 2254**

You may file a petition for habeas corpus with the federal district court if you feel that you are being kept in prison in violation of one of your federal constitutional rights. Unlike appeals in state court, you cannot base your arguments on state law. Further, you can file the petition only after you have argued the same federal issues that you intend to raise in federal court in an appeal in the Appellate Court and a Petition for Leave to Appeal in the Illinois Supreme Court.

The petition for habeas corpus requires that you fill out a set of forms according to the instructions on Form 1.5 attached. These forms can be obtained from the federal court, Office of the Clerk, Attn. Prisoner Correspondence. See cover page for address of the Federal Clerk.

In listing the grounds for why you are being held unlawfully, you must explain to the court which of your federal constitutional rights has been violated (one exception -- relief will not be granted in a habeas corpus petition for a violation of your fourth amendment search and

4

## OFFICE OF THE STATE APPELLATE DEFENDER
### THIRD JUDICIAL DISTRICT

770 E. Etna Road
Ottawa, IL 61350
Telephone: 815/434-5531 • Fax: 815/434-2920
www.state.il.us/defender • E-mail: 3rdDistrict@osad.state.il.us

MICHAEL J. PELLETIER
STATE APPELLATE DEFENDER

PETER A. CARUSONA
DEPUTY DEFENDER

KERRY J. BRYSON
ASSISTANT DEPUTY DEFENDER

STEVEN VAREL
ASSISTANT APPELLATE DEFENDER

March 28, 2016

Mr. Jeffrey L. Miller
Register No. N90929
Big Muddy River Correctional Center
P.O. Box 900
Ina, IL 62846

RE:   *People v. Jeffrey L. Miller*
      Appellate Court No. 2-14-0693

Dear Mr. Miller:

Enclosed, find a copy of the appellate court's order granting my motion to withdraw as counsel and affirming the circuit court's judgment. This means that your conviction and sentence stand. Our representation of you has come to an end and your file will be closed. However, our decision to close your case does not prevent you from appealing your case further on your own. The following pages describe the procedures necessary to urge higher courts to look at your case.

I am very sorry that there was nothing that we could do for you.

Good luck to you.

Sincerely,

*Steven Varel*

STEVEN VAREL
Assistant Appellate Defender

encls: AC Decision, Packet A.
CL9 Client No. 207968

seizure rights if the state court already addressed that issue).

There is a one year time limitation for filing this petition. In most cases, the one year period runs from the date on which the judgment became final by the conclusion of direct appeal or the expiration of the time for seeking such review. There are other circumstances that will trigger the start of the one-year limitations period; however, these circumstances will not apply to most cases. The time during which a properly-filed state post-conviction petition is pending is not counted toward the one-year period of limitations.

The federal court will rule on your petition, though it may take many months. If your petition is granted the court will order the state to either correct its mistake, if possible, or release you. The state may appeal such an order to the federal court of appeals. If the federal district court denies your petition and you wish to appeal you must file a notice of appeal within 30 days of the denial of the petition. You must also obtain a certificate of appealability under 28 U.S.C. Section 2253(c) from either the district court, the court of appeals or a circuit justice. **(Form Available Upon Request)**

### 6. Petition for Executive Clemency:   730 ILCS 5/3-3-13

If you feel that because of special circumstances you deserve a pardon or a commutation [reduction] of your sentence, you may write to the Prisoner Review Board and ask for clemency. Your petition should include a history of your case and the reasons why you should be granted a pardon or commutation. The Board sometimes grants relief in cases with extraordinary hardships, such as severe health problems. In the petition you should request a hearing by the Prisoner Review Board.

The Board meets at least four times a year to consider the petitions and makes its recommendations to the governor. The governor then decides whether to grant the petition and notifies the Board of the decision. The Board then notifies you. No appeal of such decision is possible.

If you have any questions about how to proceed with any of these six petitions, get in touch with people at your prison who give legal advice. They can probably help you. **(Form Available Upon Request)**