IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY MILLER, #N-90929, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-00416-SMY |
| | ) |
| S. A. GODINEZ, | ) |
| DONALD STOLWORTHY, | ) |
| ZACHORY ROECKEMAN, | ) |
| JOSEPH YURKOVICH, | ) |
| and JANE & JOHN DOES, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is now before the Court for preliminary review of the First Amended Complaint (Doc. 14) filed by Plaintiff Jeffrey Miller, an inmate who is currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"). Plaintiff claims that Big Muddy's Orange Crush Tactical Team[1] subjected him to a humiliating strip search and excessive force during a shakedown of Housing Unit R1 on May 13, 2014 (Doc. 14, pp. 1-23). The conduct of these officials allegedly amounted to cruel and unusual punishment in violation of the Eighth Amendment (*id*. at 6).

Plaintiff now brings this *pro se* civil rights action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 against the Illinois Department of Corrections ("IDOC") officials who were allegedly involved in the incident, including S. A. Godinez (former IDOC Director), Donald Stolworthy (former IDOC Acting Director), Zachory Roeckeman

---

[1] The First Amended Complaint refers to this team as the Special Operations Response Team ("SORT") and Orange Crush Tactical Team. The two names are often used interchangeably. The Court will refer to this group as the Orange Crush Tactical Team throughout this Order.

(Big Muddy's warden), Joseph Yurkovich (Big Muddy's Chief of Operations), and numerous unknown members of Big Muddy's Orange Crush Tactical Team ("Jane and John Does"). Plaintiff seeks monetary damages against them (*id*. at 6).

The First Amended Complaint (Doc. 14) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner Complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).  The First Amended Complaint survives preliminary review under this standard.

## First Amended Complaint

On or around May 13, 2014, the Orange Crush Tactical Team at Big Muddy conducted a shakedown of Plaintiff's housing unit, *i.e.*, Housing Unit R1 (Doc. 14, p. 19).  The team consisted of both male and female officers whose faces were covered (*id*. at 5).  They wore no badges and failed to identify themselves (*id*. at 19).  During the shakedown of Plaintiff's cell, one member of the team allegedly "beat" Plaintiff in the head and pushed him into a wall. Meanwhile, other team members destroyed his personal property "for simply no reason" (*id*.).

Plaintiff and his fellow inmates were next ordered to undress in front of female officers. The inmates were initially subjected to a visual search before being ordered to touch their genitals and place their hands in their mouths.  Plaintiff was humiliated (*id*.).

Each of the inmates was then placed in "extremely tight" handcuffs behind their backs and ordered to walk in line with their chins and foreheads pressed against the inmate standing in front of them.  In the process, Plaintiff's genitals came into contact with the buttocks and hands

of the inmate in front of him (*id*. at 19-20). This caused further humiliation.

After walking in this manner to the chow hall, the inmates were ordered to place their heads on the table for an hour (*id*. at 19). At the time, Plaintiff's hands were still cuffed behind his back and this stress position caused pain. When the inmates were eventually allowed to return to their cells, an officer slammed Plaintiff's head into another inmate's head because Plaintiff was moving too slowly. A large knot formed on Plaintiff's head (*id*.).

He now claims that each of the defendants was personally responsible for violations of his Eighth Amendment rights at Big Muddy on May 13, 2014. Plaintiff seeks monetary damages against them (*id*. at 6).

## Discussion

The Court will begin with a preliminary note concerning the handling of Orange Crush cases in the Southern District of Illinois. Plaintiff's First Amended Complaint (Doc. 14) raises allegations similar to the pleading in *Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW, which was filed in this Court on March 19, 2015. The plaintiff in *Ross* is seeking injunctive relief and damages on behalf of himself and a class of prisoners who were subjected to similar strip searches while incarcerated at Illinois prisons during 2014. Should the *Ross* class be certified, Plaintiff could potentially be a member of that class. Against this backdrop, the Court will evaluate the claims in Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915A.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in the *pro se* First Amended Complaint into the following enumerated counts:

> **COUNT 1:** **Eighth Amendment claim against all Defendants for inflicting unnecessary physical and emotional pain and suffering upon**

>    Plaintiff during the strip search, shakedown, and related action that occurred at Big Muddy on May 13, 2014.
>
> **COUNT 2:** Eighth Amendment claim against all Defendants for failing to intervene and stop the violation of Plaintiff's constitutional rights during the strip search, shakedown, and related action that occurred at Big Muddy on May 13, 2014.

Given the similarities between Plaintiff's First Amended Complaint and the Complaint in *Ross*, which survived preliminary review and has been allowed to proceed on claims that are virtually identical to those set forth above, as well as others, the Court now finds that Counts 1 and 2 (which are identical to Counts 1 and 3 in *Ross*, respectively) cannot be dismissed at this time.

### Identification of Unknown Defendants

One final note concerning identifying individual members of the Orange Crush Tactical Team: these individuals must be identified with particularity before service of the First Amended Complaint can be made on them. Where a prisoner's Complaint states specific allegations describing the conduct of unknown corrections officers sufficient to raise a constitutional claim against them, the prisoner should have the opportunity to engage in limited discovery in order to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, guidelines for discovery aimed at identifying the unknown parties will be set by the magistrate judge. Once the unknown parties are identified, Plaintiff shall file a Motion for Substitution of the properly identified individuals in their place.

### Pending Motions

1. **Motions for Recruitment of Counsel (Docs. 3, 9 and 12)**

Plaintiff's three Motions for Recruitment of Counsel shall be **REFERRED** to a United States Magistrate Judge for a decision.

2. **Motion for Service of Process at Government Expense (Doc. 4)**

Plaintiff's Motion for Service of Process at Government Expense is hereby **GRANTED** consistent with the service order in the below disposition.

3. **Motion to Compel Production of Names of John and/or Jane Does (Doc. 10)**

Plaintiff's Motion to Compel Production of Names of John and/or Jane Does shall also be **REFERRED** to a United States Magistrate Judge for a decision.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff may proceed on **COUNTS 1** and **2** against Defendants **GODINEZ,** STOLWORTHY, **ROECKEMAN, YURKOVICH** and **JANE AND/OR JOHN DOES (ORANGE CRUSH TACTICAL TEAM).**

**IT IS FURTHER ORDERED** that this case shall be **CONSOLIDATED** with *Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW, for all further proceedings. *Ross v. Gossett* shall be the lead case. All future pleadings shall be filed in *Ross v. Gossett* and contain case number 15-cv-309-SMY-SCW. The Clerk of Court is **DIRECTED** to let the record in *Ross v. Gossett* reflect this consolidation.

The Clerk of Court shall prepare for Defendants **GODINEZ, STOLWORTHY**, **YURKOVICH** and **ROECKEMAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 14), a copy of this Memorandum and Order, and a copy of the Complaint in *Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect

formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on Defendants **JANE AND/OR JOHN DOES (*i.e.,* ORANGE CRUSH TACTICAL TEAM)** until such time as Plaintiff has identified specific team members by name in a properly filed Motion for Substitution. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint in *Ross v. Gossett*, **Case No. 15-cv-309-SMY-SCW,** and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate

Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's three (3) Motions for Recruitment of Counsel (Docs. 3, 9 and 12) and Motion to Compel Production of Names of John and/or Jane Does (Doc. 10).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 11, 2016**

<u>s/ STACI M. YANDLE</u>
United States District Judge